UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| EARL HALL, | ) | Case No.: 3:10 CV 808 |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| JESSIE WILLIAMS, WARDEN, | ) | |
| | ) | |
| Respondent | ) | <u>ORDER</u> |

Currently pending in the above-captioned case is Petitioner Earl Hall's ("Petitioner") Petition for a Writ of Habeas Corpus Pursuant to § 2254 ("Petition") (ECF No. 1) and Motion to Stay Proceedings (ECF No. 13). For the following reasons, the court denies the Petition.

## I. FACTS AND PROCEDURAL HISTORY

Petitioner was indicted and convicted of one count of possessing crack cocaine, in violation of O.R.C. § 2925.11(A) & (C)(4)(d). (Return of Writ, ECF No. 10, Ex. 1, p. 2.) On October 27, 2008, Petitioner was sentenced to a mandatory term of six years' imprisonment. (*Id*. at p. 85.) Petitioner appealed. (*Id*. at p. 89.) On August 3, 2009, the state court of appeals affirmed the conviction. (*Id*. at p. 97.) On September 14, 2008, Petitioner appealed the state court of appeals' decision to the Supreme Court of Ohio and asserted three propositions of law:

> The constitutional right to a speedy trial is not automatically met simply because the statutory calculation was satisfied through tolling the statutory right to a speedy trial.

> OHIO CRIM. R. 16(B)(1)(d) and the Due Process Clause each require the prosecution to provide to the defense, both the report and results of DNA resulting [sic].
>
> A co-defendant includes any person who is criminally charged by the state with an offense out of the same incident or transaction when the co-defendant is related to the offense charged against the accused.

(Return of Writ, Ex. 2, p. 112.) On December 16, 2009, the Supreme Court declined jurisdiction to hear the case and dismissed Petitioner's appeal because it did not involve any substantial constitutional question. (*Id.* at 185.)

On April 16, 2010, Petitioner filed this Writ of Habeas Corpus and asserted three Grounds for habeas relief:

> GROUND ONE: The trial court should have dismissed the charges against Petitioner for constitutional speedy trial violations.
>
> GROUND TWO: Petitioner was denied due process of law in various discovery violations that deprived him of any ability to adequately prepare a defense.
>
> GROUND THREE: The trial court violated Petitioner's rights under the United States Constitution by not enforcing the clear directives of Criminal Rule 16.

This case was referred to Magistrate Judge Vernelis K. Armstrong ("Judge Armstrong") to prepare a report and recommendation. (*See* Docket, April 21, 2010.) On August 23, 2010, Respondent Jessie Williams ("Respondent") filed her Answer/Return of Writ ("Return of Writ"). ( ECF No. 10.) Petitioner filed his Traverse to Respondent's Return of Writ on February 3, 2011. (ECF No. 18.) On October 14, 2010, Petitioner filed a Motion to Stay Proceedings ("Motion to Stay") pending his resentencing pursuant to the holding in *State v. Singleton*, 920 N.E.2d 958 (Ohio 2009) (holding that for sentences imposed prior to July 11, 2006, in which a trial court failed to

2

properly impose post-release control, courts were to conduct a *de novo* sentencing hearing in accordance with the case law decisions). (ECF No. 13.) Respondent filed a Response to the Motion to Stay. (ECF Nos. 14 and 15.) On April 21, 2011, Judge Armstrong filed her Report and Recommendation, recommending that the court deny the Motion to Stay (ECF No. 13) and the Petition in its entirety. (ECF No. 19.) Petitioner filed his Objection to the Report and Recommendation on May 26, 2011. (ECF No. 21.)

After a review of the Report and Recommendation, Petitioner's Objection, and all relevant documents in the record, this court denies both of Petitioner's Motions. (ECF Nos. 1 and 13.) The court adopts Judge Armstrong's recommendation to deny Petitioner's Motion to Stay but does so based on the recent holding by the Supreme Court of Ohio in *State v. Fischer*, 942 N.E.2d 332 (Ohio 2010). The court further adopts Judge Armstrong's recommendation to deny the Petition in its entirety. Because Petitioner did not object to Judge Armstrong's recommendation in regard to Grounds Two and Three (*See* Objection, p. 1), the court denies these Grounds without further discussion. Petitioner did object to the recommendation to deny Ground One, and thus the court will review *de novo* this argument.

## II. LEGAL ANALYSIS

### A. MOTION TO STAY

Petitioner moves this court to stay his habeas proceedings because he has not yet exhausted his state court remedies as required to maintain his habeas Petition. (ECF No. 13.) Hall's argument is based on the fact that the state court voided his initial sentence, and according to him, made his direct appeal based on the now void sentence not a final court order. Hall alleges that the Allen County Court of Common Pleas determined that his sentence was void because it lacked the proper

notice of post-release control in violation of the Supreme Court of Ohio decision, *State v. Singleton*, 124 Ohio St.3d 173 (2009). Under *Singleton*, the sentence of a defendant who does not receive this notice of post-release control becomes void and this defendant is entitled to a resentencing that includes this notice. *Id.* ("Because a trial court has a statutory duty to provide notice of post-release control at the sentencing hearing, any sentence imposed without such notification is contrary to law and void, and the cause must be remanded for resentencing.") Hall states that the Allen County Court of Common Pleas was scheduled to resentence him on October 18, 2010.[1] Because his first sentence is now void, Hall believes that the direct appeal of this first sentence and conviction can no longer be considered a final appealable order. (ECF No. 13, p. 2 ("[P]etitioner has technically never had a direct appeal of conviction as no final appealable order previously existed.").) Hall acknowledges that, in order to maintain his Petition before this court, he is required to have already exhausted his state remedies on direct appeal. (*Id.*) Thus, Hall requests that this court grant this Motion to Stay so that he may return to state court to appeal his claims. (*Id.*)

In her Response, Respondent agreed with Hall's request for a stay, but only pending the resolution of *State v. Fischer*, 942 N.E.2d 332 (Ohio 2010), a case before the Supreme Court of Ohio on this very issue. (ECF No. 15.) On December 23, 2010, the Supreme Court of Ohio rendered its opinion. The facts in *Fischer* are similar to this case. In *Fisher*, the defendant was convicted on several counts and sentenced to an aggregrate term of 14 years' imprisonment. *Fischer*, 942 N.E.2d at 336. The defendant timely appealed his conviction, which the court of appeals affirmed. *Id.* Several years later, the defendant moved for and was granted resentencing

---

[1] Hall attaches to this Motion an Order and Assignment Notice regarding his resentencing on October 18, 2010. (ECF No. 13.)

because the trial court had not given him notice of his post-release control obligations. *Id.* At his resentencing, the court imposed the defendant's initial term of imprisonment and notified the defendant of his post-release control. *Id.* The defendant appealed his resentencing and argued that "because his original sentence was void, his first direct appeal was not valid and that this appeal is in fact his first direct appeal in which he may raise any and all issues relating to his conviction." (*Id.* (quoting *State v. Fischer*, 910 N.E.2d 1083, 1085 (Ohio Ct. App. 2009) (internal quotation marks omitted).) The Supreme Court of Ohio rejected the defendant's argument and held that the defendant's initial appeal of his sentence, before resentencing, was still valid and thus a final appealable order. The Supreme Court ruled that the defendant "could not raise any and all claims of error in a second, successive appeal." *Id.* at 342. The Supreme Court determined that because the defendant already appealed his conviction prior to the resentencing, the state court of appeals could only review the defendant's unlawful sentence, and not any other claim for relief raised by the defendant. *Id.* at 343. Thus, the *Fischer* decision rejects Hall's contention that because his original sentence is void, any appeal of that sentence cannot be considered a final appealable order.

For the foregoing reasons, the court denies Hall's Motion to Stay this proceeding. Because Hall's direct appeal of his sentence is a final appealable order, Hall has exhausted all of his state remedies for the purpose of maintaining his habeas Petition.

### B. HABEAS GROUND ONE

Under the Antiterrorism and Effective Death Penalty Act of 1996, 100 Stat. 1214 (1996) ("AEDPA"), a federal court reviewing the merits of a state prisoner's habeas corpus petition can not grant the petition unless the state court's decision on the merits: (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the

Supreme Court of the United States"; or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The clause "contrary to" permits a federal court to grant a habeas corpus petition if "the state court arrives at a conclusion opposite to that reached by this court on a question of law or if the state court decides a case differently than this court has on a set of materially *in*distinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000) (emphasis in original). The clause "unreasonable application" permits a federal court to grant a habeas corpus petition if "the state court identifies the correct governing legal principle from this court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. The "unreasonable application" analysis is an objective inquiry and thus prohibits a federal court from issuing a writ based on its independent conclusion that the state court's application was erroneous or incorrect. *Id.* The state court's application of federal law must be unreasonable. The clause "clearly established Federal law" alludes to "the holdings, as opposed to the dicta, of [the Supreme] Court's decision as of the time of the relevant state-court decision." *Id.* at 412.

Under Ground One, Petitioner contends that the trial court violated his rights under Ohio's Speedy Trial Act and the Sixth Amendment of the U.S. Constitution.

On direct appeal, the state court of appeals overruled this assignment of error and reasoned:

{¶ 17} In his second assignment of error, Hall argues that the trial court erred by not dismissing the charges for a speedy trial violation. The State argues that, when tolled time is calculated, Hall was prosecuted within speedy trial time. We agree with the State.

{¶ 18} Both the U.S. Constitution and the Ohio Constitution guarantee a criminal defendant the right to a speedy trial. Sixth Amendment to the U.S. Constitution; Section 10, Article 1, Ohio Constitution. State v. Baker (1997), 78 Ohio St.3d 108, 110, 676 N.E.2d 883. The states, however, are free to prescribe a reasonable period of time to meet these constitutional mandates.

-6-

Id., citing Barker v. Wingo (1972) 407 U.S. 514, 523, 92 S.Ct. 2182, 33 L.E.2d 101. To that end, R.C. 2945.71(C)(2) provides: "[a] person against whom a charge of felony is pending [s]hall be brought to trial within two hundred seventy days after a person's arrest." The speedy trial provisions in R.C. 2945.71 are coextensive with constitutional speedy trial provisions. State v. King (1994), 70 Ohio St.3d 158, 161, 637 N.E.2d 903, citing State v. O'Brien (1987), 34 Ohio St.3d 7, 516 N.E.2d 218.

{¶ 19} A speedy trial claim involves a mixed question of law and fact for purposes of appellate review. State v. Masters, 172 Ohio App.3d 666, 2007-Ohio4229, 876 N.E.2d 1007, ¶ 11, citing State v. High (2001), 143 Ohio App.3d 232, 242, 757 N.E.2d 1176. Accordingly, a reviewing court must give due deference to the trial court's findings of fact if they are supported by competent, credible evidence but will independently review whether the trial court correctly applied the law to the facts of the case. Masters, 2007-Ohio-4229, at ¶ 11, 172 Ohio App.3d 666, 876 N.E.2d 1007.

{¶ 20} Hall was charged with a felony; and therefore, the State was required to bring Hall to trial within 270 days. R.C. 2945.71(C)(2); (Doc. No. 1). On October 11, 2007, Hall was arrested, served with a copy of the indictment, and released on bond.FN1 (Doc. Nos.4, 5). Hall's trial commenced on September 16, 2008, which is 341 days following his arrest, or 71 days past R.C. 2945.71(C)(2)'s time limitation. However, time may be extended by "[t]he period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion." R.C. 2945.72(H).

{¶ 21} The record reveals several continuance motions filed by Hall that tolled time. The jury trial was initially scheduled for January 8, 2008, well within R.C. 2945.71's time limitation. (Doc. No. 11). On December 26, 2007, however, Hall filed his first continuance motion, which the trial court granted and rescheduled the trial for April 1, 2008. (Doc. Nos.42-42, 48). This first continuance tolled speedy trial time 84 days. Then, on March 17, 2008, Hall filed a second continuance motion, which the trial court granted and rescheduled the trial for June 10, 2008. (Doc. Nos. 55, 60). This second continuance tolled speedy trial time 71 days. On May 30, 2008, Hall moved for a third continuance, which the trial court granted and rescheduled the trial for July 29, 2008. (Doc. Nos.111, 119). This third continuance tolled speedy trial time 49 days. On July 24, 2008, the trial court granted a continuance in order for the defense to prepare for a perpetuation hearing and rescheduled the trial for August 26, 2008. (Doc. No. 131). This fourth continuance tolled speedy trial time an additional 28 days. Finally, on August 11, 2008, the trial court held a pre-trial hearing wherein Hall waived his right to a speedy trial in writing and requested a continuance. The trial court rescheduled the trial

>for September 16, 2008. (Doc. No. 138). This fifth continuance tolled speedy trial time an additional 21 days. The total speedy trial time tolled from these five continuances equals 253 days. Subtracting tolled time from the time within which Hall was tried (341-253) equals 88 days of speedy trial time attributable to the State, well under the 270-day time limitation in R.C. 2945.71(C)(2). FN2 Therefore, Hall's statutory and constitutional speedy trial rights were not violated.
>
>>FN2. Although not necessary given our calculation of tolling time with regard to Hall's continuance motions, we also note that additional speedy trial time was tolled by, among other things, Hall's request for a bill of particulars, his filing of several discovery motions, and his filing of a motion to dismiss. *State v. Brown*, 98 Ohio St.3d 121, 2002-Ohio-7040, 781 N.E.2d 159 (discovery motions or request for bill of particulars); *State v. Sanchez*, 110 Ohio St.3d 274, 2006-Ohio-4478, 853 N.E.2d 293, ¶ 25, citing *State v. Broughton* (1991), 62 Ohio St.3d 253, 261, 581 N.E.2d 541 (motions to dismiss). (Doc. Nos.9, 10, 12, 42-43, 49, 53, 57, 65, 66).
>
>{¶ 22} Hall's second assignment of error is overruled.

*State v. Hall*, No. 1-08-66, 2009 WL 2370913, *3-*4 (Ohio Ct. App. Aug. 3, 2009).

Judge Armstrong recommends that this court deny Ground One because, under clearly established Federal law, Petitioner's Sixth Amendment right to a speedy trial was not violated. (R&R, p. 20-22.) Judge Armstrong determined that the delay of trial was not prejudicial because there had been a 341-day lapse between Petitioner's arrest to the start of his trial. (R&R, p. 21 (citing Return of Writ, Ex. 2, p. 60).) She further found that Petitioner's own conduct was to blame for the delay of his trial. (*Id*.) Judge Armstrong did credit Petitioner with asserting his Sixth Amendment rights by filing a motion to dismiss before the trial court. (R&R, p. 21 (citing Return of Writ, Ex. 1 pp. 74-75).) But she concluded that the delay did not prejudice Petitioner and his right to a fair trial. (*Id*.) Finally, Judge Armstrong determined that, to the extent Ground One is premised on Ohio's Speedy Trial Act, the Ground cannot be raised on habeas. (*Id*. at. 20.)

Petitioner maintains that although Judge Armstrong applied the correct legal standard to Ground One, she misstated the facts and came to the wrong conclusions. Petitioner argues that his speedy trial right accrued on July 25, 2006, the day of his arrest for maintaining a disorderly house, and thus the delay between his arrest and his trial was "well over two (2) years." (Objection, p. 2.) Petitioner further contends that he was not to blame for the delay. Petitioner points out that the state took 67 days to respond to Petitioner's request for discovery and bill of particulars. (*Id*.) Petitioner concludes that Ohio acted in bad faith for its slow response to Petitioner's requests. Finally, Petitioner argues that he was prejudiced by the delay. (*Id*. at p. 3.) He contends that, despite being out on bond during the delay, he was not able to effectively defend himself against a more than two-year-old offense because of the faulty memory of witnesses, "the facts of the crime itself," the "incredible amounts of money" he spent to receive "basic discovery material," and the state's ability during the delay "to construct and orchestrate the shame that was his trial." (*Id*.)

The Sixth Amendment to the Federal Constitution secures the right to a speedy trial to a criminal defendant. U.S. Const. VI. The Amendment ensures this right to only those individuals accused of a crime and only at the start of a criminal prosecution for that crime. *United States v. Marion*, 404 U.S. 307, 313 (1971) ( "[T]he protection of the Amendment is activated only when a criminal prosecution has begun and extends only to those persons who have been "accused" in the course of that prosecution."); *Doggett v. United States*, 505 U.S. 647, 651-52 (1992). An indictment against the defendant will trigger the right to a speedy trial. *Id*. at 652 (stating that the eight-year and six-month lag between the defendant's indictment and arrest triggered the speed trial right analysis) The right attaches pre-indictment only if the defendant is incarcerated or his liberty is substantial impaired by government restraints. *United States v. Loud Hawk*, 474 U.S. 302, 310-11

(1986) ( "The speedy trial guarantee is designed to minimize the possibility of lengthy incarceration prior to trial, to reduce the lesser, but nevertheless substantial, impairment of liberty imposed on an accused while released on bail . . ." (internal quotations omitted)).

In *Barker v. Wingo*, the Supreme Court established a four-factor balancing analysis to test whether the defendant's Sixth Amendment right is violated. 407 U.S. 514, 530 (1972). The four factors are: (1) the length of delay between the trigger point and the trial; (2) the reason for the delay; (3) the defendant's invocation of his speedy trial right; and (4) the prejudice to the defendant. *Id*. at 533.

Under factor one, the length of delay, a court must consider whether the interval between the trigger point and the trial was "presumptively prejudicial" to offend the Sixth Amendment guarantee. *Doggett*, 505 U.S. at 651-52 (internal quotation marks omitted). Supreme Court precedent has not indicated the length of delay that would be prejudicial to the defendant. It has expressed, however, that lower courts have generally found a delay approaching one year to be "presumptively prejudicial." *Doggett*, 505 U.S. 652, n. 1 (citing to law review article). Petitioner was indicted for one count of possessing crack cocaine on September 13, 2007. Subsequent to the indictment, Petitioner was arrested on October 11, 2007. Petitioner asks this court to consider the trigger date for his speedy trial right to be his arrest on July 25, 2006. Yet, as even Petitioner indicates in his Objection, this arrest was for a separate charge "Maintaining A Disorderly House," and not for possession of cocaine. (*See* Objection, p. 1.) As a result, this court will consider the trigger date for his speedy trial right to be the date of his indictment on September 13, 2007. Petitioner's trial commenced on September 16, 2008 – a year and three days after his September

2007 indictment. This greater than year delay is "presumptively prejudicial," and thus factor one weighs in favor of Petitioner.

Under factor two, reason for delay, a court must consider the reason for the delay in trial. *Barker*, 407 U.S. at 531. A court should look at the nature of the delay to determine whether the delay was appropriate or prejudicial. *Id*. The deliberate delay by the Government to harm the defendant's case will weigh heavily against the Government. *Id*. Here, the reason for delay stemmed from Petitioner's own conduct. Petitioner filed five motions for continuance, which the state trial court granted each time. Initially the trial was scheduled for January 8, 2008, less than four months after Petititioner's indictment. (Return of Writ, p. 59.) Due to Petitioner's continuances, the trial was moved first to April 1, 2008, then to March 17, 2008, July 29, 2008 and August 26, 2008, and then finally to September 16, 2008. In total, Petitioner's continuances moved the trial date 253 days past its original scheduled date. These facts do not indicate any state conduct that caused the prejudicial delay. In light of these facts, Petitioner's contention that the state is actually to blame for the delay is not well taken.

Under factor three, Petitioner's invocation of his speedy trial right, the court must consider the nature of Petitioner's assertion of his right. *Barker*, 407 U.S. at 531-32. "[F]ailure to assert the right will make it difficult for a defendant to prove that he was denied a speedy trial." *Id*. at 532. Here, Petitioner asserted his speedy trial right in the form of a motion to dismiss on May 13, 2008. (Judgment Entry Motion To Dismiss, Return of Writ, pp. 74-75.) Thus, this factor weighs in favor of Petitioner.

Under factor four, actual prejudice to Petitioner, this court must consider Petitioner's interest in having a speedy trial. *Barker*, 407 U.S. at 532. The Supreme Court identified three interests for a court to consider: (1) preventing oppressive pretrial detention; (2) minimizing anxiety and concern of the defendant; and (3) limiting the possibility that the defense will be impaired by the delay. *Id.* The last interest is the "most serious". *Id.* Here, Petitioner did not experience actual prejudice in the delay. Applying interest one, Petitioner was not oppressively detained before trial. Petitioner was arrested on September 13, 2007, and was then released on bond. Applying interest two, Petitioner's own conduct indicates that his concern did not rise to the level of actual prejudice against him. Petitioner successfully moved for a continuance of his trial five times. Finally, Defendant did not experience actual prejudice under interest three. There is no evidence that Petitioner's defense suffered from the delay. Petitioner has not pointed to any evidence or testimony that was compromised due to the delay in the trial date. Petitioner's other arguments pertaining to factor four are unpersuasive. Having weighed the four factors, the court finds that Petitioner's speedy trial right was not violated.

### III. CONCLUSION

Accordingly, the court adopts the Magistrate Judge Armstrong's Report and Recommendation. (ECF No. 19.) Petitioner's Writ (ECF No. 1) and Motion to Stay (ECF No. 13) are denied, and final judgment is entered in favor of Respondent. The court further certifies that, pursuant to 28 U.S.C. §1915(a)(3), an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability.

IT IS SO ORDERED.

/s/*SOLOMON OLIVER, JR.*
CHIEF JUDGE
UNITED STATES DISTRICT COURT

June 30, 2011